IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES WHITE, | : | |
| Plaintiff, | : | Case No. 3:13cv00171 |
| vs. | : | District Judge Thomas M. Rose<br>Chief Magistrate Judge Sharon L. Ovington |
| CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration, | :<br><br>: | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon the parties' Joint Stipulation For Award of Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412.  (Doc. #16). The parties have stipulated to an award of attorney fees to Plaintiff in the amount of $4,890.00.  The parties have further agreed that the EAJA award will be paid to Plaintiff and that an award in the agreed amount will effect full satisfaction and settlement of all Plaintiff's claims for fees, costs, and expenses under the EAJA in this case.

Under the parties' stipulation, and pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any fees paid by the government belong to Plaintiff, rather than his attorney, and can be offset to satisfy pre-existing debt that Plaintiff owes the United States.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Accordingly, it is hereby **RECOMMENDED** that:

1. The parties' Joint Stipulation For Award of Attorney Fees under the Equal Access to Justice Act (Doc. #16) be GRANTED, and the Commissioner be ordered to pay Plaintiff's attorney fees, costs, and expenses in the total amount of $4,890.00;

2. Defendant be further ordered to verify, within thirty days of a Decision and Entry adopting this Report, whether or not Plaintiff owes a pre-existing debt to the United States subject to offset.  If no such pre-existing debt exists, Defendant be ordered to pay the EAJA award directly to Plaintiff's attorney; and

3. Plaintiff's Motion for Attorney Fees (Doc. #14) be DENIED as moot.

August 26, 2014

    s/Sharon L. Ovington
Sharon L. Ovington
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).